TODD W. BURNS
California State Bar No. 194937
todd@burnsandcohan.com
Burns & Cohan, Attorneys at Law
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 236-0244
Facsimile: (619) 768-0333

Counsel for Capt. James Dolan (Ret.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>              )<br>        Plaintiff,       )<br>              )<br>    vs.           )<br>              )<br> JAMES DOLAN (4),      )<br>              )<br>        Defendant.       )<br>              )<br>_____ ) | Case No. 17-cr-0623-JLS<br><br>DEFENDANT JAMES DOLAN'S NOTICE OF MOTION AND MOTION TO JOIN CO-DEFENDANT BRUCE LOVELESS'S RESPONSE TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS WITH RESPECT TO OFFENSE INSTRUCTIONS (DOCKET #571) |

James Dolan hereby notices his motion, and moves, to join co-Defendant Bruce Loveless's response to the government's proposed jury instructions with respect to the offenses charged (docket #571), to the extent that filing does not conflict with arguments and claims made in Mr. Dolan's previous filings with respect to jury instructions (docket ##516, 548). Although such conflicts appear to be minimal, a few specific points bear noting in this regard (though other points of conflict may emerge as the Court rules on the issues and indicates how it intends to instruct).

1. With respect to any aiding and abetting instruction that might be given (which, for reasons previously stated, Mr. Dolan opposes), Mr. Dolan submits that the jury must be instructed on the following four elements of aiding and abetting

liability: "(1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense." *United States v. Delgado*, 357 F.3d 1061, 1065-66 (9th Cir. 2004) (quoting *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988)) (emphasis added)). Mr. Dolan objects to any aiding and abetting instruction that doesn't include those components.

    2. With respect to the instruction on "official duty," Mr. Dolan maintains, for the reasons stated in his August 5, 2021 filing (docket #516), that "official duty" must be narrowly defined. Accordingly, while he agrees with Mr. Loveless that the government should be required to specify the nature of the duty allegedly violated (and that specific official duty should likewise be identified in the jury instructions), Mr. Dolan maintains that the government does not have broad discretion to pick from a myriad of potential duties. Furthermore, to the extent that Mr. Loveless's filing at Docket #571 indicates that the government may chose to proceed on an array of duties, Mr. Dolan disagrees, because (a) that is not permissible under the statute and (b) is not evident that the grand jury indicted on any such narrowed theory.

                             Respectfully submitted,

Date: September 1, 2021                  */s/ Todd W. Burns*
                                             Counsel for Capt. James Dolan (Ret.)