1  ALONZO WICKERS (State Bar No. 169454)
     alonzowickers@dwt.com
2  DIANA PALACIOS (State Bar No. 290923)
     dianapalacios@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6
   Attorneys for Non-Party Media Organizations
7  AUDIATION INC. AND PROJECT BRAZEN
   PTE. LTD.

8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | **Case No. 17-cr-0623-JLS** |
| 13              Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 14       v. | **(1) MOTION TO INTERVENE BY NON-PARTY MEDIA ORGANIZATION PROJECT BRAZEN PTE. LTD.; AND,** |
| 15  DOLAN (4), | |
| 16              Defendant. | |
| 17 | **(2) MOTION TO QUASH DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE BY NON-PARTY MEDIA ORGANIZATIONS AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | Hearing Date:   TBD<br>Time:           TBD<br>Courtroom:      4D (4th Flr)<br>Hon. Janis L. Sammartino |
| 23 | |

i

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| | A. Project Brazen, Audiation, and the Podcast | 2 |
| | B. Defendant Dolan | 3 |
| | C. The Subpoena | 3 |
| III. | PROJECT BRAZEN SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO QUASH THE SUBPOENA | 4 |
| IV. | THE SUBPOENA SHOULD BE QUASHED BECAUSE DEFENDANT CANNOT OVERCOME THE MEDIA ORGANIZATIONS' CONSTITUTIONAL PROTECTIONS. | 5 |
| | A. The First Amendment Qualified Privilege Applies to the Interview Recordings Sought by Defendant's Subpoena | 5 |
| | B. Defendant Cannot Meet His Burden of Overcoming the First Amendment Qualified Privilege | 7 |
| V. | CONCLUSION | 10 |

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Apicella v. McNeil Laboratories, Inc.*,
  66 F.R.D. 78 (E.D.N.Y. 1975) ...................................................................................6

*Branzburg v. Hayes*,
  408 U.S. 665 (1972) .................................................................................................5

*Carushka, Inc. v. Premiere Products, Inc.*,
  1989 U.S. Dist. LEXIS 17487 (C.D. Cal. Sept. 1, 1989) ........................................8

*Damiano v. Sony Music Entertainment, Inc.*,
  168 F.R.D. 485 (D.N.J. 1996) ..................................................................................9

*Farr v. Pitchess*,
  522 F.2d 464 (9th Cir. 1975) ....................................................................................5

*Gonzales v. NBC*,
  194 F. 3d 29 (2d Cir. 1999) ......................................................................................6

*Goodyear Tire & Rubber Co. v. Haeger*,
  137 S. Ct. 1178 (2017) .............................................................................................4

*In re Behar*,
  779 F. Supp. 273 (S.D.N.Y. and C.D. Cal. 1991) ...................................................8

*Kinsella v. Welch*,
  827 A.2d 325 (N.J. App. 2003) ................................................................................6

*Krase v. Graco Children Prods., Inc.*,
  79 F.3d 346 (2d Cir. 1996) ................................................................................. 6, 9

*Link v. Wabash R. Co.*,
  370 U.S. 626 (1962) .................................................................................................4

*Mitchell v. Superior Court*,
  37 Cal. 3d 268 (1984) ......................................................................................... 2, 8

*People v. Ford*,
  2007 N.Y. Misc. LEXIS 55 (N.Y. Crim. Ct., Richmond City 2007) ....................6

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*People v. Hendrix*,
    820 N.Y.S.2d 411 (N.Y. Sup. Ct. Kings County 2006)......................................................6

*Perlman v. United States*,
    247 U.S. 7 (1918) ...............................................................................................................4

*Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*,
    2019 WL 935131 (N.D. Cal. Feb. 26, 2019) .....................................................................6

*Price v. Time, Inc.*,
    2003 WL 23273874, 2003 U.S. Dist. LEXIS 24586 (N.D. Ala. Dec. 8,
    2003) ..................................................................................................................................6

*Re/Max Int'l v. Century 21 Real Estate Corp.*,
    846 F. Supp. 910 (D. Colo. 1994)..................................................................................... 10

*Riley v. City of Chester*,
    612 F.2d 708 (3d Cir. 1979)...............................................................................................8

*Shoen v. Shoen*,
    48 F.3d 412 (9th Cir. 1995) ......................................................................... 1, 2, 6, 7, 9, 10

*Shoen v. Shoen*,
    5 F.3d 1289 (9th Cir. 1993) ...................................................................................1, 5, 6, 8

*Silkwood v. Kerr-McGee Corp.*,
    563 F.2d 433 (10th Cir. 1977) ...........................................................................................6

*United States v. Bergonzi*,
    216 F.R.D. 487 (N.D. Cal. 2003).......................................................................................4

*United States v. Burke*,
    700 F.2d 70 (2d Cir. 1983).......................................................................................... 8, 10

*United States v. Caporale*,
    806 F.2d 1487 (11th Cir. 1986) .........................................................................................9

*United States v. Cuthbertson*,
    630 F.2d 139 (3d Cir. 1980)........................................................................................... 5, 9

*United States v. Grant*,
    2004 U.S. Dist. LEXIS 28176 (S.D.N.Y. Nov. 18, 2004)..................................................6

iv
MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. LaRouche Campaign*,
    841 F.2d 1176 (1st Cir. 1988)..................................................................................6

*United States v. RMI Co.*,
    599 F.2d 1183 (3d Cir. 1979)....................................................................................4

*Von Bulow v. Von Bulow*,
    811 F.2d 136 (2d Cir. 1987).....................................................................................6

*Zerilli v. Smith*,
    656 F.2d 705 (D.C. Cir. 1981)............................................................................. 7, 9

**Rules**

Fed. R. Evid. 802......................................................................................................9

**Constitutional Provisions**

United States Constitution
    First Amendment....................................................... 1, 4, 5, 6, 7, 8, 9, 10

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

The First Amendment protects the reporting and gathering of information from intrusive measures by overzealous parties involved in criminal and civil cases. This protection exists in recognition of the fact that "routine court-compelled disclosure of research materials poses a serious threat to the vitality of the newsgathering process." *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("*Shoen II*"). This threat stems from, among other things, "the disadvantage of a journalist appearing to be … a research tool … of a private party; the disincentive to compile and preserve [unpublished] material; and the burden on journalists' time and resources in responding to subpoenas." *Shoen v. Shoen*, 5 F.3d 1289, 1295 (9th Cir. 1993) ("*Shoen I*").

Ignoring these important protections, counsel for Defendant James Dolan served a subpoena ("Subpoena") seeking to compel the disclosure of unpublished interview recordings made in connection with the podcast entitled *Fat Leonard* (the "Podcast"). The First Amendment, however, protects non-party Media Organizations Audiation Inc. ("Audiation") and Project Brazen Pte. Ltd. ("Project Brazen")[1] (collectively, "Media Organizations"), the creators and producers of the Podcast, from being compelled to disclose unpublished information that was obtained or prepared in the course of their journalistic activities. Even criminal defendants, such as Defendant, are not entitled to subject members of the media to compelled discovery, unless strict conditions are met that justify abrogating these state and federal constitutional privileges.

Under this federal constitutional protection, a party cannot compel a media organization or journalist to produce unpublished information unless the party first

---

[1] Defendant did not serve a subpoena on Project Brazen, but as the owner of the information Defendant seeks, Project Brazen seeks to intervene to assert its constitutional privilege. *See* Section III, *infra*.

1

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

demonstrates that the information sought "goes to the heart" of the case, the testimony is "noncumulative," and the party "has exhausted all alternative sources of obtaining the needed information." *Mitchell v. Superior Court*, 37 Cal. 3d 268, 282 (1984) (internal quotation and citation omitted); *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("*Shoen II*"). Here, Defendant cannot show that the material sought is otherwise unavailable, noncumulative, or even relevant, particularly given that this information is likely sought for impeachment purposes. *See* Section IV, *infra*.

For these reasons, and as discussed below, this Court should allow Project Brazen to intervene for the limited purpose of asserting its constitutional privilege and grant the Media Organizations' motion to quash.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Project Brazen, Audiation, and the Podcast

Project Brazen was co-founded by Thomas Wright, who worked for over 20 years at Dow Jones Inc. and the Wall Street Journal as a reporter. Declaration of Thomas Wright ("Wright Decl.") ¶¶ 1-2. Project Brazen is a journalism-focused content studio based in Singapore that creates and produces podcasts, books, articles, documentaries, TV shows and films with a focus on investigative nonfiction. *Id.* ¶ 3.

Project Brazen is the creator and owner of the Podcast, which is an investigation into a corruption scandal in the U.S. Navy carried out by Leonard Francis, a military contractor, for several years up until his arrest in 2013 in San Diego, California. *Id.* ¶ 4. For the Podcast, Project Brazen interviewed Mr. Francis for over 20 hours as well as other people, including former Navy officers, whistleblowers, and Navy spouses and Mr. Francis' girlfriend. *Id.* ¶ 5. Defendant James Dolan is not mentioned in the Podcast. *Id.* Defense counsel for several of the Navy officers either did not respond to Project Brazen's attempts to contact them or declined to comment. *Id.* The Navy and U.S. Department of Justice

2

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

declined to comment citing ongoing judicial action. *Id.* The first two episodes of the Podcast were released online on October 5, 2021 and the next seven episodes were each released weekly thereafter. *Id.*

Audiation is a podcast production studio launched in 2016 that produces commissioned and original audio shows. Declaration of Alexander W. Smallens ("Smallens Decl.") ¶ 3. Audiation was hired by Project Brazen to produce and "shop" (*i.e.*, locate potential financiers or distributors) the Podcast for distribution and marketing. *Id.* ¶ 4. Audiation has no ownership interest in the Podcast. *Id.* ¶ 5.

**B.    Defendant Dolan**

Defendant was a Captain in the U.S. Navy. Indictment, Dkt. 1, ¶ 8. Generally, in connection with Defendant, "the indictment alleges that: (1) Leonard Francis, who owned the dominant husbanding agent in Southeast Asia, Glenn Defense Marine Asia (GDMA), gave Mr. Dolan bribes; and (2) in exchange, Mr. Dolan performed official acts, and did and omitted to do things in violation of his official duties." Dkt. 204, p. 2. As a result, Mr. Francis is a key government witness.

**C.    The Subpoena**

On November 23, 2021, two days before Thanksgiving, Defendant's counsel caused the Subpoena to be affixed on the door of Alexander Smallens, the owner and managing director of Audiation. Smallens Decl. ¶ 6. The Subpoena requests "copies of the complete audio and/or video recordings of interviews of Leonard Francis, parts of which are excerpted in a multi-episode podcast titled 'Fat Leonard,' though the entirety of the recorded interviews must be produced." *Id.*, Ex. A. The Subpoena requested the material to be submitted within seven days. *Id.* On November 24, 2021, Defendant's counsel emailed Mr. Wright to inform him of the Subpoena and stated, "it would be easier if you simply produced the recordings to me. Is that something you are willing to do?" Wright Decl. ¶ 11, Ex. C. On November 25, counsel for Audiation and Project Brazen contacted Defendant's

3

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

counsel and explained that the Subpoena seeks information protected by the First Amendment qualified privilege and requested that the Subpoena be withdrawn. Declaration of Diana Palacios ¶¶ 2, 4, Ex. D. Defendant's counsel rejected the request. *Id.* ¶¶ 3, 4, Ex. D.

## III. PROJECT BRAZEN SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO QUASH THE SUBPOENA

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). For example, in *Perlman v. United States*, 247 U.S. 7 (1918), the Supreme Court held that the owner of exhibits could intervene in a criminal grand jury proceeding to object to the disclosure of those exhibits based on privilege, even when the exhibits were in the possession of a third party.

Federal courts apply "the same principle in permitting intervention for the assertion of claims of privilege when subpoenas are addressed to third parties." *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979). "Thus, it is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders, and if protection is denied, seek immediate appellate review." *Id.*; *see also United States v. Bergonzi*, 216 F.R.D. 487, 492 (N.D. Cal. 2003) (granting third party's unopposed motion to intervene in criminal action to challenge on grounds of privilege the production by the Government to defendants of third party's subpoenaed documents).

Here, Project Brazen is the owner of the Podcast and the recordings requested by the Subpoena. Wright Decl. ¶¶ 4, 7, In fact, Defendant's counsel effectively conceded that Project Brazen has an interest in the materials when he emailed the

4

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

co-founder of Project Brazen and asking him to produce interview recordings. *Id.* ¶ 11, Ex. C. Thus, because Project Brazen has interest in the material sought, it should be permitted to intervene for the limited purpose of asserting the First Amendment qualified privilege.

## IV. THE SUBPOENA SHOULD BE QUASHED BECAUSE DEFENDANT CANNOT OVERCOME THE MEDIA ORGANIZATIONS' CONSTITUTIONAL PROTECTIONS.

Because enforcing the Subpoena would unduly infringe on the Media Organizations' First Amendment rights, it should be quashed.

### A. The First Amendment Qualified Privilege Applies to the Interview Recordings Sought by Defendant's Subpoena.

The U.S. Supreme Court recognized almost fifty years ago that important First Amendment interests are implicated when a party seeks information from a non-party media representative, noting that, "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). To protect these vital First Amendment interests, the Ninth Circuit has recognized a qualified constitutional privilege that "protects journalists against compelled disclosure in all judicial proceedings, *civil and criminal alike*." *Shoen I*, 5 F.3d at 1292 (emphasis added); *see also Farr v. Pitchess*, 522 F.2d 464, 467-68 (9th Cir. 1975) (recognizing privilege applies in criminal proceedings).

This qualified privilege shields journalists and media organizations against the compelled disclosure of both confidential and non-confidential information. *See Shoen I*, 5 F.3d at 1294. This recognizes that the compelled production of even non-confidential information "'can constitute a significant intrusion into the newsgathering and editorial processes. Like the compelled disclosure of confidential sources, it may substantially undercut the public policy favoring the free flow of information that is the foundation for the privilege.'" *Id.* (quoting *United States v. Cuthbertson*, 630 F.2d 139, 147 (3d Cir. 1980)). The privilege is

5

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

essential to protect "the vitality of the newsgathering process," given the "'lurking and subtle threat to journalists and their employers if disclosure of outtakes, notes, and other unused information, even if nonconfidential, becomes routine and casually, if not cavalierly, compelled.'" *Shoen II*, 48 F.3d at 416 (quoting *United States v. LaRouche Campaign*, 841 F.2d 1176, 1182 (1st Cir. 1988)).

These First Amendment interests broadly apply to all those who engage in gathering and disseminating information to the public. *See Shoen I*, 5 F.3d at 1293 ("the journalist's privilege is designed to protect investigative reporting, regardless of the medium used to report the news to the public.") (citing *Von Bulow v. Von Bulow*, 811 F.2d 136 (2d Cir. 1987)); *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, 2019 WL 935131, at *2 (N.D. Cal. Feb. 26, 2019) (applying privilege to journalist's conversation even where some of the topics were not intended for publication). Indeed, courts regularly have applied the federal qualified privilege to journalists and media organizations involved in a wide variety of publications and works. *See, e.g., Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977) (documentary filmmaker); *Apicella v. McNeil Laboratories, Inc.*, 66 F.R.D. 78 (E.D.N.Y. 1975) (author of medical newsletter); *Shoen I*, 5 F.3d at 1293 (book author); *People v. Hendrix*, 820 N.Y.S.2d 411 (N.Y. Sup. Ct. Kings County 2006) ("reality show about the New York City Police Department ultimately titled NYPD 24/7"); *Price v. Time, Inc.*, 2003 WL 23273874, 2003 U.S. Dist. LEXIS 24586 (N.D. Ala. Dec. 8, 2003) (applying First Amendment privilege to *Sports Illustrated*); *People v. Ford,* 2007 N.Y. Misc. LEXIS 55 at *2-6 (N.Y. Crim. Ct., Richmond City 2007) (quashing subpoena for footage from MTV program "True Life: I'm a Staten Island Girl"); *United States v. Grant*, 2004 U.S. Dist. LEXIS 28176 (S.D.N.Y. Nov. 18, 2004) (privilege applied to different episode of MTV's "True Life" program); *Gonzales v. NBC*, 194 F. 3d 29, 32 (2d Cir. 1999) (applying privilege to *Dateline* television program); *Krase v. Graco Children Prods., Inc.*, 79 F.3d 346, 353 (2d Cir. 1996) (same); *Kinsella v. Welch*, 827 A.2d

6

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

325 (N.J. App. 2003) (applying newsgathering statute to television program "Trauma, Life in the E.R.").

Like cases cited above, Audiation and Project Brazen engaged in the gathering and dissemination of information through the Podcast, which gives listeners an insight into the alleged corruption of U.S. naval officers. Wright Decl. ¶ 4. Project Brazen interviewed Mr. Francis and others to create the Podcast and Audiation produced it. *Id.* ¶ 5; Smallens Decl. ¶ 4. Moreover, Defendant's Subpoena plainly seeks information that is protected by the First Amendment qualified privilege by seeking unpublished interview recordings of Project Brazen's interview of Mr. Francis.[2] Smallen Decl. ¶ 6, Ex. A. Therefore, Audiation and Project Brazen are entitled to invoke the privilege here.

## B. Defendant Cannot Meet His Burden of Overcoming the First Amendment Qualified Privilege.

Under controlling Ninth Circuit law, a litigant may obtain information falling within the scope of the First Amendment qualified privilege "***only*** upon a showing that the requested material is (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 416 (emphasis added). Consistent with the policies underlying the privilege, courts apply this test strictly, to "ensure that compelled disclosure is the exception, not the rule." *Id. See also Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981) ("if the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished"). Defendant cannot meet his burden as to any of these requirements.

---

[2] To the extent, Defendant seeks the as-aired episodes of the Podcast, they are available here: https://fatleonardpodcast.com/episodes/. The Media Respondents have also concurrently filed copies of the Podcast episodes with this Motion. See Wright Decl. ¶ 9, Ex. B.

7

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

*First*, Defendant cannot demonstrate that he has exhausted all reasonable alternative sources for the information he claims to want. The exhaustion requirement is stringent: "compelled disclosure from a journalist must be a *last resort* after pursuit of other opportunities has failed." *Shoen I*, 5 F.3d at 1297-98 (emphasis added). The subpoenaing party must make a "strong showing" that "there is no other source for the information requested." *Riley v. City of Chester*, 612 F.2d 708, 716 (3d Cir. 1979). *See also Mitchell*, 37 Cal. 3d at 282 ("virtually all cases agree that discovery should be denied unless the plaintiff has exhausted all alternative sources of obtaining the needed information").

Here, there is nothing to indicate that Defendant has exhausted all alternative sources for the information he seeks. In fact, for questions about the interview and the underlying facts, Mr. Francis himself is an obvious alternative source of the information. *Shoen I*, 5 F.3d at 1297-98 (privilege barred subpoena to author where interview subject was the "most patently available other source"); *Carushka, Inc. v. Premiere Products, Inc.*, 1989 U.S. Dist. LEXIS 17487, at *8 (C.D. Cal. Sept. 1, 1989) (refusing to force disclosure from publisher where litigants could "elicit the relevant testimony from [the source] herself"). Because Defendant has not met the exhaustion requirement, this alone justifies quashing the Subpoena.

*Second*, Defendant cannot meet his burden of demonstrating that the information sought from the Media Organizations is non-cumulative. *See In re Behar,* 779 F. Supp. 273, 275-276 (S.D.N.Y. and C.D. Cal. 1991) (party cannot compel information "from a reporter [that] would be cumulative of other evidence"); s*ee also United States v. Burke*, 700 F.2d 70, 77-78 (2d Cir. 1983) (quashing subpoena where information sought "would be merely cumulative and would not defeat [the reporters'] First Amendment privilege," and recognizing that "the important social interests in the free flow of information that are protected by the reporter's qualified privileged are particularly compelling in criminal cases"). Here, Defendant can hardly show that the interview recordings are non-cumulative

8

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

because the interview recordings merely repeat Mr. Francis's testimony. Moreover, as discussed above, Mr. Francis can simply testify about the interview itself.

*Third*, Defendant cannot show that the information he seeks is relevant to an "important" issue of the case. As the Ninth Circuit has emphasized, the party seeking to overcome the privilege "must [make] a showing of *actual* relevance; a showing of *potential* relevance will not suffice." *Shoen II*, 48 F.3d at 416 (emphasis added). This constitutional standard is strictly applied. To demonstrate relevance, the subpoenaing party must show that the testimony at issue "go[es] to the 'heart of the matter'" and is "crucial to the case." *Zerilli*, 656 F.2d at 713. *See also Damiano v. Sony Music Entertainment, Inc.*, 168 F.R.D. 485, 497 (D.N.J. 1996) (information sought must relate to a "central element" of the case). It is not sufficient that the information simply would be "useful." *Krase v. Graco Children Prod., Inc.*, 79 F.3d 346, 351 (2d Cir. 1996) (applying New York shield law). Instead, there must be a finding that the claim for which the information is to be used "virtually rises or falls" on the admission of the materials. *Id.* Put another way, the party issuing the subpoena must show that the information sought is "highly relevant" and is "necessary to the proper presentation of the case." *United States v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986). *See also Cuthbertson*, 651 F.2d at 196 (party seeking information must show it is "crucial to the claim").

Defendant cannot meet this exacting standard because the interview recordings are not crucial to his defense. Defendant is not even in mentioned in the Podcast. Wright Decl. ¶ 5. Moreover, the interview recordings are likely not even admissible as evidence because they constitute hearsay. *See* Fed. R. Evid. 802. At most, Defendant seeks this information to impeach a government witness, but the desire to fish for possible impeachment evidence repeatedly has been found inadequate to overcome the First Amendment qualified privilege. For example, in *Shoen II*, the Ninth Circuit rejected the notion that potential impeachment of the defendant was an interest that could overcome the First Amendment qualified

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

privilege because the impeachment of the defendant through interview notes was not "an important issue in the case." 48 F.3d at 418. Similarly, in *Re/Max Int'l v. Century 21 Real Estate Corp.*, 846 F. Supp. 910, 912 (D. Colo. 1994), the federal district court in Colorado rejected an attempt to depose a reporter where "[t]he only possible value in deposing [the reporter] is to impeach [a witness's] testimony." *Id.* at 912. In such a circumstance, the value of taking the reporter's deposition would have been "de minimis." *Id.* at 912; *see also United States v. Burke*, 700 F.2d 70, 77 (2d Cir. 1983) (quashing subpoena to reporter where criminal defendant "failed to make the clear and specific showing that these documents were necessary or critical to the maintenance of his defense," even though the reporter's notes "may have been material and relevant inasmuch as they might have contradicted the trial testimony of" a prosecution witness).

Because Defendant cannot establish any of the requirements for overcoming Audiation and Project Brazen's First Amendment rights, let alone all of those requirements, his Subpoena should be quashed.

## V. CONCLUSION

For all the reasons set forth above, this Court should grant Project Brazen's motion to intervene and quash the subpoena directed to Audiation.

DATED: November 30, 2021             DAVIS WRIGHT TREMAINE LLP

By: */s/ Diana Palacios*
      Diana Palacios

Attorneys for Non-Party Media Organizations
AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.

10
MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION INTERVENE AND MOTION TO QUASH
4878-5934-5924v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 1 | <div align="center">PROOF OF SERVICE</div> |
| 2 | |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On November 30, 2021, I served the foregoing document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF 1) MOTION TO INTERVENE BY NON-PARTY MEDIA ORGANIZATION PROJECT BRAZEN PTE. LTD.; AND, 2) MOTION TO QUASH DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE BY NON-PARTY MEDIA ORGANIZATIONS AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.** on the interested parties in this action as stated below:

Todd Burns, Esq.  *Attorney for James Dolan*
1350 Columbia Street
Suite 600
San Diego, CA 92101
Email: todd@burnsandcohan.com
Tel: 619-236-0244

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 30, 2021, at Pico Rivera, California.

☒ Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____Nancy Gonzalez_____   _____
Print Name                                    Nancy Gonzalez

PROOF OF SERVICE
4895-6047-4629v.1 0050033-002060

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899