1  ALONZO WICKERS (State Bar No. 169454)
     alonzowickers@dwt.com
2  DIANA PALACIOS (State Bar No. 290923)
     dianapalacios@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorneys for Non-Party Media Organizations
7  AUDIATION INC. AND PROJECT BRAZEN
   PTE. LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | **Case No. 17-cr-0623-JLS** |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO QUASH DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE BY NON-PARTY MEDIA ORGANIZATIONS AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.** |
| v. | |
| DOLAN (4), | |
| Defendant. | |
| | Hearing Date: TBD |
| | Time: TBD |
| | Courtroom: 4D (4th Flr) |
| | Hon. Janis L. Sammartino |

i

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT ........................................................................ 1

II. THE MEDIA ORGANIZATIONS HAVE NOT WAIVED THE FIRST AMENDMENT QUALIFIED PRIVILEGE. ...................................... 2

III. THE SUBPOENA SHOULD BE QUASHED BECAUSE DEFENDANT CANNOT OVERCOME THE MEDIA ORGANIZATIONS' CONSTITUTIONAL PROTECTIONS. ..................... 4

    A. The *Shoen II* Three-Part Test Applies in Criminal Proceedings. ......... 4

    B. Defendants Have Not Met Their Burden of Overcoming the Privilege. .................................................................................................. 5

IV. CONCLUSION ................................................................................................ 10

i

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayala v. Ayers*,
    668 F. Supp. 2d 1248 (S.D. Cal. 2009)...................................................................4

*Doe v. Kohn Nast & Graf, P.C.*,
    853 F. Supp. 147 (E.D. Pa. 1994)............................................................................9

*Farr v. Pitchess*,
    522 F.2d 464 (9th Cir. 1975) ..........................................................................*passim*

*Fischer v. McGowan*,
    585 F. Supp. 978 (D.R.I. 1984)................................................................................2

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
    89 F.R.D. 489 (C.D. Cal. 1981)...............................................................................4

*McGarry v. University of San Diego*,
    154 Cal. App. 4th 97 (2007) ....................................................................................3

*Nebraska Press Ass'n v. Stuart*,
    427 U.S. 539 (1976)..................................................................................................3

*Shaklee Corp. v. Gunnell*,
    110 F.R.D. 190 (N.D. Cal. 1986).........................................................................2, 3

*Shoen v. Shoen*,
    48 F.3d 412, 416 (9th Cir. 1995) ("*Shoen II*")................................................*passim*

*Shoen v. Shoen*,
    5 F.3d 1289 (9th Cir. 1993) ("*Shoen I*") ..................................................2, 5, 6, 10

*United States v. Blanton*,
    534 F. Supp. 295 (S.D. Fla. 1982) ...........................................................................7

*United States v. Burke*,
    700 F.2d 70 (2d Cir. 1983).......................................................................................8

*United States v. Cuthbertson*,
    630 F.2d 139 (3d Cir. 1980) ("*Cuthbertson I*") .......................................................6

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

ii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. LaRouche Campaign*,
   841 F.2d 1176 (1st Cir. 1988) .............................................................................................. 10

*United States v. Nixon*,
   418 U.S. 683 (1974) ............................................................................................................... 8

*Wright v. Fred Hutchinson Cancer Research Ctr.*,
   206 F.R.D. 679 (W.D. Wash. 2002) ...................................................................................... 3

**Constitutional Provisions**

United States Constitution, First Amendment ..................................................... *passim*

iii

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Defendants'[1] Opposition does not provide any justification for them to overcome the Media Organizations' constitutional protections under the First Amendment. Instead, Defendants ignore or minimize controlling Ninth Circuit authority. The Court, however, should reject Defendants' attempt to deprive the Media Organizations' rights, and quash the Subpoena in its entirety.

*First*, no waiver has occurred. Despite Defendants' argument to the contrary, the publication of some editorial information does not waive the privilege as to unpublished material nor does summarizing an interview or having an opinion regarding an interviewee. Moreover, no-one else aside from Project Brazen – including Mr. Francis – can waive the privilege.

*Second*, the three-part test established in *Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("*Shoen II*") applies here. As is clear from the development of the First Amendment qualified privilege in the Ninth Circuit, the Ninth Circuit adopted the three-part test to alleviate the uncertainty arising from the balancing test that was set forth in *Farr v. Pitchess*, 522 F.2d 464, 467-68 (9th Cir. 1975).

*Third*, Defendants have not met their burden of justifying abrogation of the First Amendment privilege because they have not shown that the information is not available from other sources, particularly because Mr. Francis will testify at trial. Defendants have also failed to show that the information they seek is not

---

[1] While the subpoena at issue ("Subpoena") was only sent on behalf of Defendant James Dolan, the other defendants, Defendants David Newland, David Lausman, Steven Shedd, Mario Herrera, and Bruce Loveless, join the opposition. *See* Opp. n. 1. Accordingly, the non-party Media Organizations Audiation Inc. ("Audiation") and Project Brazen Pte. Ltd. ("Project Brazen") (collectively, "Media Organizations") reference Defendant James Dolan, Defendants David Newland, David Lausman, Steven Shedd, Mario Herrera, and Bruce Loveless collectively as "Defendants."

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  cumulative because they can ask Mr. Francis about the interview at trial and the
2  information Defendants seek is already available from the published Podcast.  Nor
3  have Defendants shown that they seek this information for any other purposes than
4  impeachment.

5      *Finally*, even under *Farr*, 522 F.2d at 467-68, the subpoena should be
6  quashed because unlike in *Farr*, Defendants have not established that all sources
7  have been exhausted.

8      For each of these reasons, the Media Organizations' motion should be
9  granted.

## II. THE MEDIA ORGANIZATIONS HAVE NOT WAIVED THE FIRST AMENDMENT QUALIFIED PRIVILEGE.

12      Defendants argue that the Media Organizations have waived their First
13  Amendment qualified privilege. Not so.

14      *First*, publication of portions of the interview recordings in the Podcast does
15  not constitute waiver of the *un*published recordings – a contrary rule would vitiate
16  the First Amendment's protection for unpublished information.  *See Shoen v. Shoen*,
17  5 F.3d 1289, 1295 (9th Cir. 1993) ("*Shoen I*") (holding that "the journalist's
18  privilege applies to a journalist's resource materials even in the absence of the
19  element of confidentiality").  *See also Fischer v. McGowan*, 585 F. Supp. 978, 987
20  (D.R.I. 1984) ("[a] clear majority of courts" all across the country "have held that
21  … partial disclosure" of *some* editorial information "does not result in a finding of
22  waiver" of journalist's privilege as to *other* undisclosed information); *Shaklee Corp.*
23  *v. Gunnell*, 110 F.R.D. 190 (N.D. Cal. 1986) (under California Shield, denying
24  motion to compel reporter to disclose memorandum from a source that was partially
25  quoted in news story).

26      *Second*, Defendants' argument that the privilege was waived because Mr.
27  Wright summarized information from his interview of Mr. Francis in the Podcast
28  should also be reject.  Even if Mr. Wright did provide a summary, these limited

2
REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 statements are insufficient to constitute waiver. *Id.*; *see also McGarry v. University*
2 *of San Diego*, 154 Cal. App. 4th 97, 120 (2007) (applying California Shield Law;
3 "we do not believe a limited disclosure can be deemed to waive the immunity for
4 refusing to reveal unpublished information"). Indeed, journalists often summarize
5 information and provide their own opinion. For example, in *Wright v. Fred*
6 *Hutchinson Cancer Research Ctr.*, 206 F.R.D. 679 (W.D. Wash. 2002), the court
7 found no authority that "requires journalists to refrain from drawing conclusions or
8 holding opinions about the subjects on which they are reporting as a prerequisite to
9 protection from compelled disclosure." *Id.* at 681.

10       *Third*, Mr. Wright's "credulous view" of Mr. Francis' claims and purported
11 bias, assuming it is true, does not provide grounds for waiver. As stated above,
12 nothing under the First Amendment prevents journalists from opining on their
13 subjects or topic. "The First Amendment does not favor 'objective' reporting, nor
14 is it limited to statements which contain only proven facts…. The opinionated, one-
15 sided, and issue-oriented writings found in the Federalist Papers, abolitionist
16 newspapers, and communist dailies are all entitled to First Amendment protections,
17 regardless of the bias of the authors." *Id.* n. 2.

18       Nor does pretrial publicity created by the Podcast provide grounds for waiver.
19 In *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976), for example, the U.S.
20 Supreme Court held that a gag order on the media was unconstitutional under the
21 First Amendment in part because "pretrial publicity, even if pervasive and
22 concentrated, cannot be regarded as leading automatically and in every kind of
23 criminal case to an unfair trial." *Id.* Moreover, it is unclear how pretrial publicity
24 would lead to waiver – it would create an odd situation where popular reporting is
25 penalized by losing its constitutional protection.

26       *Fourth*, Defendants claim with no evidence that the Media Organizations
27 collaborated with the government. This is far from the truth. As Mr. Wright made
28 clear in his declaration, "The Navy and U.S. Department of Justice declined to

3
REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

comment citing ongoing judicial action." Wright Decl. ¶ 5.  Defendants' reliance on *Ayala v. Ayers*, 668 F. Supp. 2d 1248 (S.D. Cal. 2009) is also misplaced.  In that case, an author provided a convicted murderer and his attorney with an *entire unpublished book*.  The court found that the author could not then assert the privilege in response to a subpoena issued by the state in a related death penalty habeas case, as "[i]t would be unfair and improper to allow [the author] to invoke the journalist's privilege with respect to this same material now that [the State] wants to see it." *Id.* at 1250.  The case is entirely inapposite here:  Defendants are not claiming that the Media Organizations disclosed unpublished information to the government that they are refusing to provide to them.

*Finally*, Defendants claim that Mr. Francis has a cooperation agreement with the government that requires him to provide information to the government and could have recorded the interviews, but Mr. Francis' actions cannot be the basis for waiver. "The journalist's privilege belongs to the journalist alone and cannot be waived by persons other than the journalist." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489, 494 (C.D. Cal. 1981).

Thus, because the Media Organizations have not waived their privilege, Defendants' argument should be rejected.

### III. THE SUBPOENA SHOULD BE QUASHED BECAUSE DEFENDANT CANNOT OVERCOME THE MEDIA ORGANIZATIONS' CONSTITUTIONAL PROTECTIONS.

Because enforcing the Subpoena would unduly infringe on the Media Organizations' First Amendment rights, it should be quashed.

#### A. The *Shoen II* Three-Part Test Applies in Criminal Proceedings.

Defendant attempts to limit the application of the three-part test set forth in *Shoen II* in favor of the balancing test used in *Farr*.  Defendants' argument, however, ignores how the First Amendment qualified privilege developed in the Ninth Circuit.

4

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In *Farr,* Ninth Circuit recognized that "[t]he application of the *Branzburg* holding to non-grand jury cases seems to require that the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts and a balance struck to determine where lies the paramount interest." *Farr*, 522 F.2d at 468 (emphasis added).  After recognizing the privilege in the criminal context in *Farr*, in *Shoen I*, the Ninth Circuit extended the privilege to civil proceedings, explaining that "the journalist's privilege recognized in *Branzburg* [is] a partial First Amendment shield that protects journalists against compelled disclosure in all judicial proceedings, *civil and criminal alike*." 5 F.3d at 1292 (emphasis added).  The Ninth Circuit then established a test for applying that privilege in *Shoen II*.  In *Shoen II*, the Ninth Circuit acknowledged the balancing test set forth in *Farr* but explained that it had "yet to formalize this balance by identifying the specific showing required to pierce the journalist's privilege" and it decided to establish the three-part test "to alleviate the type of uncertainty expressed by the district court and the parties." *Id.* at 415; *see also id.* (acknowledging that other "courts have developed three-part test to assist in balancing interests") (citation omitted). Thus, the three-part test is not an alternative test created for civil cases, but rather, it is a more precise application of the balancing test set forth in *Farr*.

Accordingly, this Court should apply the three-part test adopted in *Shoen II* to assist in the balancing of interests here.

### B. Defendants Have Not Met Their Burden of Overcoming the Privilege.

As set forth in the Motion, Defendants must show that the information they seek is "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 416.  Moreover, Defendants "must [make] a showing of actual relevance; a showing of potential relevance will not suffice." *Id.*  Defendants failed

5

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to meet this burden.

  *First*, Defendants have not exhausted reasonable alternative sources.  While Defendants cite *United States v. Cuthbertson*, 630 F.2d 139, 148 (3d Cir. 1980) ("*Cuthbertson I*") to argue that the unpublished interview recordings are "unique bits of evidence" not obtainable from another source, this argument has not been accepted in the Ninth Circuit.[2]  In *Shoen I*, for example, the plaintiffs were seeking "notes and tape recordings of interviews," which under *Cuthbertson* would be considered unique, yet the Ninth Circuit held that "plaintiffs have not satisfied this threshold requirement [of demonstrating that they have exhausted all reasonable alternative means for obtaining the information] because they failed to take Leonard Shoen's deposition before trying to penetrate the journalist's shield that protects Watkins' source materials."  *Shoen I*, 5 F.3d at 1296.  Thus, here, as in *Shoen I*, Defendants have not shown that they have exhausted all reasonable alternative sources.[3]  Further, if Mr. Francis recorded the interviews as Defendants themselves suggest (Opp. at 7), then they have also failed to demonstrate that they have tried to obtain the recordings from him.

  *Second*, Defendants cannot establish that the recordings are non-cumulative.  As Defendants acknowledge, they will have the opportunity to cross-examine Mr. Francis at trial.  Opp. at 21.  Their arguments that many "things the Defendants will raise with Mr. Francis on cross-examination based on the recordings will not be

---

[2] *Cuthbertson I* was limited to *in camera* review and the court explained that it "need not decide, however, whether any additional showing must be made by the defendants to overcome the privilege and to compel production of these statements to them at trial." *Id.* at 149.

[3] Defendants argue that deposing a non-media representative is not possible here (Opp. at 20). But Mr. Francis will testify at trial and therefore, Mr. Francis is nevertheless an alternative source. Moreover, it is Defendants' burden to show that they have exhausted all alternative sources, which they have failed to do.

6

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

covered – at least forthrightly – in his direct examination" (*id.*) is confusing at best. If topics were not covered in his direct examination, they cannot be raised in his cross-examination, except in limited situations. Moreover, to the extent the published recordings include statements for which there is no other evidence, as Defendants argue (Opp. at 21), Defendants already have access to the published recordings and are free to use them. Wright Decl. 9, Ex. A.

*Third*, Defendants have not shown that the unpublished interview recordings are "clearly relevant to an important issue in the case."[4] Defendants claim that there are four areas relevant to the defense: "(1) benefits [Mr. Francis] received from the government, (2) lying about his illness to remain on 'medical furlough,' (3) his willful violations of his plea agreement, and (4) his withholding key evidence." As an initial matter, all this information is already available to Defendants in the published recordings. Wright Decl. 9, Ex. A. And to the extent Defendants seek the unpublished interview recordings to verify the published statements, which they seem to suggest they want to do,[5] they have failed to satisfy their burden. *See United States v. Blanton*, 534 F. Supp. 295, 296-97 (S.D. Fla. 1982) (quashing subpoena directed to reporter in criminal case that sought verification of published statements).

Moreover, the first three topics have nothing to do with the Defendants or the underlying facts of the case – they only relate to Mr. Francis' subsequent conduct –

---

[4] Defendants argue that Media Organizations applied the wrong test, but Defendants misconstrue *Shoen II*. *Shoen II* did not reject the *Zerilli* test, but rather rejected the argument that it had previously adopted any test at all, stating "Surely, had the court chosen to announce such a test, it would not have done so in a footnote." *Shoen II*, 48 F.3d at 415. Moreover, the Ninth Circuit cites *Zerilli* throughout *Shoen II* approvingly, including explaining that in *Zerilli*, the court held that "requesting party must show exhaustion of all reasonable alternative sources and that the information sought is 'crucial to his case,'" (*id.* at 416), which is also part of the language that the Media Organizations cited in its motion (Mot. at 9).

[5] For example, for the first topic, Defendants claim they need the unpublished interview recordings to "assess the overall context to be sure they correctly understand what Francis said." Opp. at 3. For the second, third, and fourth topics, Defendants seek the information to "fully understand" what was said. *See* Opp. 4, 5.

7

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information that at most would be tangentially related to the defense as a way to undermine Mr. Francis' credibility. As to the fourth topic, Defendants claim they seek this information because it demonstrates that Mr. Francis is withholding evidence in violation of his plea agreement, "which reflects poorly on his honesty." Opp. at 5. As a result, the only potential relevance of the unpublished interview recordings is as impeachment evidence, if any exists. *See id.*; *see also* Opp. at 4 ("there are other implications of this exchange that could undercut Francis's trial testimony"). The Ninth Circuit, however, has held that impeachment evidence is not "an important issue in the case." *Shoen II*, 48 F.3d at 418; *United States v. Burke*, 700 F.2d 70, 77 (2d Cir. 1983) (quashing subpoena to reporter where criminal defendant "failed to make the clear and specific showing that these documents were necessary or critical to the maintenance of his defense," even though the reporter's notes "may have been material and relevant inasmuch as they might have contradicted the trial testimony of" a prosecution witness). *See also United States v. Nixon*, 418 U.S. 683, 70139 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.") Defendants' arguments to the contrary should be rejected.

For example, while Defendants argue that their request is not a fishing expedition for impeachable evidence, their argument misses the point. Defendants already have statements they can use to impeach Mr. Francis from the published recordings, to the extent they seek additional information from the unpublished interview recordings, it is a fishing expedition because they are requesting unpublished recordings in order to search for information that may or may not exist.

Also, in a misguided attempt to distinguish *Shoen II*, Defendants claim that the plaintiffs in *Shoen II*, were seeking evidence of a collateral and trivial lie, but that ignores the actual holding. In *Shoen II*, in a section labeled "Impeachment," the Ninth Circuit explained that "[t]o the extent the requested materials would demonstrate that [defendant] was less than candid during his deposition, they do not

8

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

relate to an important issue in this case." Thus, the information was not important because it would only demonstrate that the defendant had lied. Moreover, like in *Shoen II*, everything Defendants are seeking is collateral: As discussed above, the first three topics have nothing to do with Defendants or the underlying facts of the case. Under the fourth topic, Defendants claim to seek the information because it goes to Mr. Francis' honesty, which is again collateral, and not related to the underlying facts of the case.[6]

*Doe v. Kohn Nast & Graf, P.C.,* 853 F. Supp. 147, 150 (E.D. Pa. 1994), cited by defendants is also inapplicable. There, the court allowed for *in camera* review of the tapes under the two-step test adopted in the Third Circuit, which does not apply in the Ninth Circuit, and the court made clear that it made "no decision at this time on whether the information contained on the tapes should be made available to the defendants."

Because the Defendants have not met their burden on any element of the *Shoen II* test, let alone all of them, the Subpoena should be quashed.

### C. Even under *Farr*, Defendants Have Not Met Their Burden.

In *Farr,* after the criminal trial of members of the Manson family, the trial court ordered a journalist covering the trial to disclose the names of confidential

---

[6] The exchange, in relevant part, under the fourth topic is as follows:
  Mr. Francis: No. I have a lot of those videos and pictures, which we kept. What's the point of giving them everything?
  Mr. Wright: Where are they now?
  Mr. Francis: Oh, I got them archived. They're all boxed up and kept in storage.
  \*\*\*
  Mr. Wright: Why not give this stuff to the DOJ?
  Mr. Francis: This is what I found out, Tom. The more I talk, the more I give, the deeper I get. Look it here. I'm nine years. I'm stuck here. I mean, this could have all ended a long time ago.
To the extent Defendants want to use this admission, they already have access to it. Wright Ex. A. *See also* Opp., Transcript for Episode 4, p. 6.

9
REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sources who provided information to him about the proceedings, in violation of a court order. However, the court did so "only after the court held a series of hearings, at which each of the attorneys still alive denied, under oath, that he was the source of the leak. At that point, the only untapped source for the wrongdoer's identity was the journalist." *Shoen I*, 5 F.3d at 1297. Here, as discussed above, Defendants have not exhausted their alternative sources. Therefore, even under *Farr*, no disclosure of unpublished interview recordings should be permitted because Defendants have not demonstrated that the Media Organizations are the last untapped source for the information.

Defendants also rely on *United States v. LaRouche Campaign*, 841 F.2d 1176, 1178 (1st Cir. 1988), but there, the First Circuit was only determining whether *in camera* disclosure was permitted, noting that release to the defendant would be determined later. *Id.* at 1178 n.3 (noting that the trial court did not commit "itself to a decision whether or not to disclose materials to defendants" at trial).

## IV.  CONCLUSION

For all the reasons set forth above, this Court should grant the Media Organizations' motion to quash the subpoena directed to Audiation.

DATED: December 17, 2021                    DAVIS WRIGHT TREMAINE LLP

By: */s/ Diana Palacios*
Diana Palacios

Attorneys for Non-Party Media Organizations
AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.

10
REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

Undersigned counsel certifies that the foregoing filing is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon counsel for all parties, including the intervening parties, via CM/ECF. In addition, the intervening party's attorney was provided a copy of this filing at todd@burnsandcohan.com.

DATED: December 17, 2021            /s/ Diana Palacios
                                    Diana Palacios

Attorneys for Non-Party Media Organizations
AUDIATION INC. AND PROJECT BRAZEN PTE. LTD.

11

REPLY ISO MOTION TO QUASH
4896-0530-4583v.1 0118986-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899